USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/11/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
:
LATERAL RECOVERY LLC, BENCHMARK :
BUILDERS, INC., FTE NETWORKS, INC., JUS-COM :
LLC, and FOCUS WIRELESS, LLC, :
: 22-cv-2170 (LJL)
Plaintiffs, :
: MEMORANDUM AND
-v- : ORDER
:
FUNDERZ.NET, LLC d/b/a HOP CAPITAL and d/b/a :
BUSINESS MERCHANT FUNDING, JOSEPH :
YITZCHAKOV a.k.a. JOSEPH ISAACOV, GAVRIEL :
YITZCHAKOV a.k.a. GABE ISAACOV, and JOHN :
AND JANE DOE INVESTORS, :
:
Defendants. :
:
-------------------------------------------------------------------- X

LEWIS J. LIMAN, United States District Judge:

Defendants Funderz Net LLC ("Funderz") and Joseph Yitzchakov a.k.a. Joseph Isaacov ("Isaacov" and with Funderz, the "Funderz Defendants") move, pursuant to Federal Rule of Civil Procedure 39(b), for a jury trial or, in the alternative, pursuant to Federal Rule of Civil Procedure 6(b), for an extension of time to file their demand for a jury. Dkt. No. 177.

## BACKGROUND

Familiarity with the allegations and prior proceedings in this matter is presumed. *See generally Lateral Recovery LLC v. Funderz.net, LLC*, 2024 WL 4350369 (S.D.N.Y. Sept. 27, 2024).

This case arises from a series of six agreements entered into between Plaintiff FTE Networks, Inc. ("FTE") and the Funderz Defendants, characterized by the Funderz Defendants as merchant cash advance agreements but alleged by Plaintiffs to be usurious loans. *Id.* at *8.

On March 16, 2022, Plaintiffs[1] filed a complaint against the Funderz Defendants and Gavriel Yitzchakov a.k.a. Gabe Isaacov ("Gabe"), alleging claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"). Dkt. No. 1. On August 8, 2022, before Defendants answered the complaint, Plaintiffs filed an Amended Complaint. Dkt. No. 44. Neither the complaint nor the amended complaint contained a demand for a jury. *See* Dkt. Nos. 1, 44. Gabe and the Funderz Defendants answered the amended complaint on December 29, 2022. Dkt. Nos. 60–61. Their answers did not contain jury demands.

On January 25, 2023, the case was reassigned to the Honorable Jennifer L. Rochon, Jan. 25, 2023 Minute Entry, and on February 23, 2023, present counsel filed a notice of appearance on behalf of the Funderz Defendants, Dkt. No. 70. Also on February 23, 2023, the parties jointly submitted a proposed Civil Case Management Plan and Scheduling Order to Judge Rochon. Dkt. No. 71-1. The proposed Civil Case Management Plan and Scheduling Order contained a check mark reflecting the parties' agreement that the case was to be tried to a jury. *Id.* The Court approved the plan and entered it as an order on the docket on March 2, 2023. Dkt. No. 75.

The case proceeded to motion practice and discovery. On June 15, 2023, the Funderz Defendants submitted a proposed and agreed-upon Amended Civil Case Management Plan and Scheduling Order. Dkt. No. 114. The amended plan also had a checked box indicating the case was to be tried to a jury. *Id.* On June 16, 2023, the Court signed the Amended Civil Case Management Plan and Scheduling Order, which also reflected that the case was to be tried to a jury. Dkt. No. 115. On August 17, 2023, the parties submitted a Revised Amended Civil Case Management Plan and Scheduling Order, Dkt. No. 122, and on August 18, 2023, the Court

---

[1] Plaintiffs are Lateral Recovery, Benchmark Builders, Inc., FTE Networks, Inc., Jus-Com LLC, and Focus Wireless, LLC.

signed that order, Dkt. No. 123.  This order also had a checked box indicating the case was to be tried to a jury.  Dkt. No. 123.

By order of November 6, 2024, the Court scheduled this matter for a bench trial on April 14, 2025.  Dkt. No. 176.

On November 13, 2024, the Funderz Defendants filed this motion under Rules 6(b)(2) and 39(b) of the Federal Rules of Civil Procedure, along with a memorandum of law in support of the motion.  Dkt. Nos. 177–78.  On November 26, 2024, Plaintiffs filed a memorandum of law in opposition to the motion.  Dkt. No. 179.  On December 3, 2024, the Funderz Defendants filed a reply memorandum of law in further support of their motion.  Dkt. No. 180.

The court docket for this case has a heading for the Clerk of Court to note whether a jury demand was made.  The entry under the heading "Jury Demand" for this docket states: "None."

## DISCUSSION

The Funderz Defendants do not dispute that they failed to make a timely demand for a jury.  Federal Rule of Civil Procedure 38(b) provides that a party may demand a jury trial only "by: (1) serving the other parties with a written demand—which may be included in a pleading—no later than 14 days after the last pleading directed to the issue is served; and (2) filing the demand in accordance with Rule 5(d)."  Fed. R. Civ. P. 38(b).  A jury demand by one party generally fixes the right of all parties to a jury on all issues on which the jury was demand.  Fed. R. Civ. P. 39(a).  "Once one party has made a jury demand no other party need make a second demand for the action to be designated 'jury action' and in order to preserve its jury trial right." *Cheng v. Via Quadronno*, 2022 WL 17069800, at *7 (S.D.N.Y. Nov. 17, 2022); *see Huang v. Shanghai City Corp.*, 2022 WL 2306870, at *3 (S.D.N.Y. June 27, 2022).  Upon either side making a jury demand, the action is "designated on the docket as a jury action," for all parties to

see. Fed. R. Civ. P. 39(a).[2] However, "[a] party waives a jury trial unless its demand is properly served and filed." Fed. R. Civ. P. 38(d). Plaintiffs did not demand a jury in any of the complaints filed in this action, and defendants did not demand a jury in their answers or within 14 days of their answers. Accordingly, the Funderz Defendants have waived their Seventh Amendment right to a jury trial. *See Westchester Day Sch. v. Vill. of Mamaroneck*, 504 F.3d 338, 356 (2d Cir. 2007); *Lanza v. Drexel & Co.*, 479 F.2d 1277, 1310 (2d Cir. 1973).

The Funderz Defendants' motion does not demand a jury trial as a matter of right, but rather calls upon the Court to exercise its discretion. The motion rests in part on Federal Rule of Civil Procedure 39(b), which provides that when no jury demand has been made, "the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." Fed. R. Civ. P. 39(b). The motion also rests upon Federal Rule of Civil Procedure 6(b), which gives the Court the authority, "[w]hen an act may or must be done within a specified time," to, "for good cause extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

Plaintiffs oppose the motion. Plaintiffs argue that the Funderz Defendants have not provided a basis for the Court to exercise its discretion under Rule 39(b) or Rule 6(b) and that they would suffer prejudice if the Court did so. Plaintiffs also point out that the Funderz Defendants waived a jury trial in the agreements that provide the basis for this lawsuit. Dkt. No. 179.

---

[2] In the Southern District of New York, when a party files an answer through the Court's Electronic Case Filing system, it must complete a screen asking whether the answer includes a jury demand before the pleading is filed.

4

I.      Rule 39(b)

The Second Circuit has long held that "inadvertence in failing to make a timely jury demand does not warrant a favorable exercise of discretion under Rule 39(b)." *Noonan v. Cunard S.S. Co.*, 375 F.2d 69, 70 (2d Cir. 1967) (Friendly, J.); *see also Westchester Day Sch.*, 504 F.3d at 356; *Galella v. Onassis*, 487 F.2d 986, 996–97 (2d Cir. 1973). The Funderz Defendants do not suggest any excuse for their failure to make a jury demand "*beyond* mere inadvertence." *Noonan,* 375 F.2d at 70. This fact alone is fatal to the Funderz Defendant's motion under Rule 39(b). *See Grant v. Warner Music Grp. Corp.*, 2014 WL 4495195, at *2 (S.D.N.Y. Sept. 12, 2014) ("Because Plaintiff has not met the *Noonan* standard, his request for relief under Rule 39(b) must be denied."); *Raymond v. Int'l Bus. Machines Corp.,* 148 F.3d 63, 65 (2d Cir. 1998) (without a showing beyond mere inadvertence, "it would have been error for the district court to have granted the Rule 39(b) motion").

The Funderz Defendants suggest that the Court should evaluate the Rule 39(b) motion under the more relaxed standard set out in *Tanvir v. Laporte*, 169 F.R.D. 292 (S.D.N.Y. 1996), namely, "(1) whether the action is typically the type of case tried to a jury; (2) whether the parties have proceeded on the assumption that the case would be tried before a jury; and (3) whether the party opposing the jury request would be unduly prejudiced if the action were tried before a jury." *Id.* at 294. However, applying that standard here would be erroneous. The factors set out in *Tanvir* are derived from decisions applicable to cases removed from state court, in which "the question of jury trial demand was governed not by Rule 38 but by Rule 81(c)." *Higgins v. Boeing Co.*, 526 F.2d 1004, 1006 (2d Cir. 1975); *see Cascone v. Ortho Pharm. Corp.*, 702 F.2d 389, 391 (2d Cir. 1983); *Reliance Elec. Co. v. Exxon Cap. Corp.*, 932 F. Supp. 101, 102–03 (S.D.N.Y. 1996). In such cases "there is . . . some 'play in the joints' for accommodating a removed party who may not be as at ease in the new surroundings imposed

5

upon him." *Cascone*, 702 F.3d at 392. But these cases and others have reaffirmed that the stricter *Noonan* rule continues to apply to Rule 39(b) motions in cases initiated in federal court. *Id.* at 393 ("We do not consign *Noonan* to overruled status. Its holding shall continue to govern cases where it is applicable."); *Higgins*, 526 F.3d at 1006 n.2 (noting that "if Rule 38 were applicable, . . . some cause beyond mere inadvertence must be shown."); *Westchester Day Sch.*, 504 F.3d at 356; *Grant*, 2014 WL 4495195, at *2.[3]

Because this action was initiated in federal court and the Funderz Defendants do not meet the *Noonan* standard, their motion cannot be granted under Rule 39(b).

## II.   Rule 6(b)

The Second Circuit has held that an untimely motion for jury trial which cannot be granted under Rule 39(b) may in some cases be granted under Rule 6(b)(1). *See Raymond*, 148 F.3d at 66. A showing of "mere inadvertence" does not necessarily "preclude a district court from granting a Rule 6(b)(1) motion in appropriate circumstances" to permit an untimely jury demand. *Id.* at 66–67; *see Gencarelli v. Toto USA Inc.*, 2024 WL 3273277, at *2 (S.D.N.Y. July 2, 2024). A court may grant a Rule 6(b)(1) motion upon a showing of "excusable neglect," "'taking account of all relevant circumstances surrounding the party's omission,' including prejudice to the other party, the reason for the delay, its duration, and whether the movant acted in good faith." *Raymond*, 148 F.3d at 66 (quoting *Pioneer Investment Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 395 (1993)). Courts have thus granted motions to make

---

[3] Defendants additionally suggest that the *Noonan* rule should not apply to a defendant in federal court, because the rationale behind the rule is that "it would not seem too exacting to expect that, having selected the forum, the plaintiff should be familiar with and abide by the procedures followed there." Dkt. No. 178 at 5 (quoting *Cascone*, 702 F.3d at 392). However, Defendants fail to distinguish the Second Circuit decision in *Westchester Day Sch.*, which applied the *Noonan* rule to a federal-court defendant. *See* 504 F.3d at 356. The Court is bound by that holding. *See Hutchison v. Deutsche Bank Sec. Inc.*, 647 F.3d 479, 488 (2d Cir.2011).

an untimely jury demand under Rule 6(b) where the case has been removed from state court, where the case has involved a pro se litigant, or where both parties and the court assumed throughout the case that it would be tried to a jury. *See Grant*, 2014 WL 4495195, at *4–5 (citing cases); *Raymond*, 148 F.3d at 66–67.

The Funderz Defendants' principal argument is that the Case Management Plan and Scheduling Orders approved by the Court show that both parties and the court believed throughout this case that it would be tried to a jury. A party may, by checking the box indicating that a case is not to be tried to a jury on a Case Management Plan and Scheduling Order, waive a pre-existing demand for a jury trial or the right to later make an untimely demand for a jury trial. *See* Fed. R. Civ. P. 39(a)(1); *Capak v. Epps*, 673 F. Supp. 3d 425, 430 (S.D.N.Y. 2023) (holding that party waived its right to make an untimely jury demand under Rule 39(b) by checking box for non-jury trial on case management plan); *Figueroa v. Pratt Hotel Corp.*, 158 F.R.D. 306, 308 (S.D.N.Y. 1994).[4] "[A]cquiescence in a bench trial, without objection, constitutes a waiver of the right to a jury." *Tanvir*, 169 F.R.D. at 294 (citing *Royal American Managers, Inc. v. IRC Holding Corp.*, 885 F.2d 1011, 1018 (2d Cir. 1989); *Kahn v. General Motors Corp.*, 865 F. Supp. 210, 212 (S.D.N.Y. 1994)).

However, the reverse is not true. In the absence of a jury demand, the Case Management Plan does not itself satisfy Rule 38 or revive a right that has already been waived. Rule 39 makes clear that the parties may stipulate to a nonjury trial, but contains no such provision allowing the parties to stipulate to a jury trial in the absence of a jury demand. *See* Fed. R. Civ.

---

[4] A case management plan cannot waive the right of a person who is not a party or signatory to the plan or necessarily preclude a party from invoking a jury trial right on facts that have arisen after the case management plan has been entered. *See Huang v. Shanghai City Corp.*, 2022 WL 2306870, at *5 (S.D.N.Y. June 27, 2022).

7

P. 39(a)(1); *cf.* C. Wright & A. Miller, Federal Practice & Procedure § 2334 ("Since the question of whether to relax the demand requirement is entrusted to the trial court's discretion by Rule 39(b), the fact that the parties agree to a jury trial when one has not been demanded properly under Rule 38(b) is not controlling."). Rule 16, which governs scheduling orders, contains no provisions regarding trial by jury. Here, Isaacov and Funderz answered the amended complaint on December 29, 2022. Dkt. Nos. 60–61. Neither their answers, nor the complaint, nor any other answers filed in this case contained a demand for a jury. The fourteen-day period to request a jury trial under Rule 38 expired on January 12, 2023, without the Funderz Defendants having made a jury demand. Thus, by February 23, 2023, when the proposed Civil Case Management Plan and Scheduling Order was filed before Judge Rochon, the parties' right to demand a jury trial had already expired. Dkt. No. 71-1. The Case Management Plan does not itself provide a right to a jury trial.

Nor, under the circumstances of this case, does the checked box on the Case Management Plan show that the parties had agreed to a jury trial or that the equities of the case favor granting the Funderz Defendants' request. Although the Funderz Defendants argue that the parties have litigated this case with the expectation of a jury trial, Dkt. No. 178 at 4, Plaintiffs state that the checked box was "inadvertent" and that they have "litigated this case at all times understanding . . . it was meant to be a bench trial," Dkt. No. 179 at 5, 7. Plaintiffs argue that the Funderz Defendants originally made a conscious choice not to demand a jury trial at the time of the answer and are only reversing strategy years later in response to a ruling on summary judgment that could be perceived as unfavorable. Dkt. No. 179 at 4.

"[T]aking account of all relevant circumstances," the equitable factors do not support the exercise of discretion under Rule 6(b) here. *Raymond*, 148 F.3d at 66. Unlike in *Raymond*, the

8

evidence here does not support the conclusion that the parties intended a jury trial all along, such that the Funderz Defendants' failure to make a timely jury demand was just a matter of inadvertence. As Plaintiffs point out, the agreements that are the subject of this case, which were drafted by the Funderz Defendants, provided that both parties *waived* the jury trial right. Dkt. No. 179 at 3–4. Though the Funderz Defendants now assert that this waiver is inapplicable here, the presence of the contractual waiver provision suggests that the Funderz Defendants' original failure to request a jury trial was a considered and strategic choice.[5] *See Abernathy v. EmblemHealth, Inc*., 2020 WL 3578555, at *3 (S.D.N.Y. May 7, 2020) ("Equitable considerations do not support an untimely jury demand where . . . Plaintiffs intentionally waived their right to a jury trial to gain a strategic advantage."). Defendants now move for a jury trial only after the Court rendered a decision on the motions for summary judgment that could have been construed as adverse to Defendants, suggesting the possibility of bad faith.

Additionally, the Funderz Defendants' delay in moving for relief from the time requirements of Rule 38(b) is lengthy, and there is evidence it actually prejudiced Plaintiffs. Their answer was filed nearly two years ago in December 2022. *See Townsend v. Clairol Inc*., 26 F. App'x 75, 78 (2d Cir. 2002) (denying late jury demand when the opposing party "engaged in litigation planning and strategy for over two years based on the understanding that the case

---

[5] The Funderz Defendants argue that the contractual waiver is inapplicable against plaintiff Lateral Recovery LLC ("Lateral Recovery") because Lateral Recovery was not a party to the relevant agreements. Dkt. No. 180 at 2. The Court expresses no view on this issue. Rather, the point here is that the Funderz Defendants' choice to draft a contract with a jury trial waiver and have it signed by plaintiff FTE suggests that the Funderz Defendants' original failure to make a jury demand was not inadvertent but was considered. If a party drafts a contract with a clear jury trial waiver and then litigates accordingly, the logical inference is that the party prefers a bench trial, not that the party mistakenly forgot to make a jury demand. The fact that FTE—which was not the party to include the jury trial waiver in the contract—later chose to assign its claims under the contract to Lateral Recovery does not in any way undermine this inference.

would be heard by bench trial"). The request to make an untimely jury demand here was made only after the close of discovery. Because parties generally handle discovery differently if they expect to try a case to a jury rather than to the bench, courts have often found prejudice when a jury demand is made only after discovery is closed. *See Capak*, 673 F. Supp. 3d at 431 ("Defendant also argues persuasively that he would be prejudiced by Plaintiff's change in trial strategy because discovery was not conducted with an end view that this case would be tried by a jury."); *Berman v. Parco*, 986 F. Supp. 195, 217 (S.D.N.Y. 1997) ("Prejudice may be found, for example, when the amendment is sought after discovery has been closed"); *Shambreskis v. Bridgeport & Port Jefferson Steamboat Co.*, 2007 WL 1456223, at *4 (E.D.N.Y. May 16, 2007) ("[D]efense counsel, proceeding on the premise that this would be a bench trial, decided to forego taking the depositions of Plaintiff's medical experts."). Here, moreover, Plaintiffs make a specific showing of prejudice by stating that they did not videotape depositions and settled with one of the defendants on the basis that these choices would not hurt them in a bench trial. Dkt. No. 179 at 7. This further weighs against granting the Funderz Defendants' motion.[6]

The other arguments made by the Funderz Defendants do not change the analysis. They argue that actions brought pursuant to the Racketeer Influenced Corrupt Organizations Act

---

[6] Defendants quote Plaintiffs' counsel as stating in a status conference on November 6, 2024, that he had "no problem proceeding to a jury trial." As there is no transcript of this conference, the Court cannot verify the accuracy of this quotation or its significance in context. Even assuming the quotation is accurate, it would not constitute an admission that Plaintiffs were planning on a jury trial or would not suffer prejudice from so proceeding. The Court's contemporaneous notes of the conference show that Plaintiffs initially stated that the case was on for a bench trial. When the Funderz Defendants suggested a jury trial was appropriate, Plaintiffs opposed this position. In view of the fact that no jury demand appeared on the docket, the court scheduled a bench trial and stated that the Funderz Defendants could make a motion for a jury trial no later than November 13, 2024. *See* Dkt. No. 176. Plaintiffs stated they would oppose that motion and have done so. Plaintiffs' consistent advocacy for a bench trial at the conference is at odds with any suggestion that they acquiesced in a jury trial.

("RICO") are routinely tried to a jury. Dkt. No. 178 at 3. That the case is one that ordinarily would be tried to a jury means that the Funderz Defendants had a jury trial right to waive—they are not excused on that basis from failing timely to assert that right. The Funderz Defendants also rely upon *Tanvir v. Laporte*, but that case is distinguishable. The question in that case was whether the plaintiff, who had properly and timely made a jury demand, would be deemed to have waived that demand because at one point during the proceedings his lawyer had made a proposal for a non-jury trial. 169 F.R.D. at 293. The court rejected the argument that there was a clear and unequivocal waiver of the jury trial right sufficient to satisfy Federal Rule of Civil Procedure 39(a), but ruled in the alternative that—even if there were a waiver—the court would relieve plaintiff of the effect of that waiver under Rule 39(b) and permit plaintiff to reinstate his jury trial demand. *Id.* at 294. As a result of the original jury trial demand, there was in that case "only a brief period of time . . . during which the parties may not have been on notice that this would a jury trial." *Id.* In this case, unlike in *Tanvir*, no jury demand was timely made. *See Bonechi, S.R.L. v. Irving Weisdorf & Co., Ltd*, 1998 WL 337882, at *1 (S.D.N.Y. June 24, 1998) (distinguishing *Tanvir* on this basis). Plaintiffs were entitled to rely upon the failure of the Funderz Defendants to make a jury demand in assuming that the case would not be tried to a jury. Taking into account the extensive delay, prejudice to the Plaintiffs, and the likelihood that the failure to make an initial jury demand was a strategic choice rather than "excusable neglect," the Court declines to use its discretion under Rule 6(b) to excuse the Funderz Defendants' untimely jury demand.

## CONCLUSION

The Funderz Defendants' motion for a jury trial, or in the alternative to serve an untimely jury demand, is denied. The Clerk of Court is respectfully directed to close the motion at Dkt. No. 177.

SO ORDERED.

Dated: December 11, 2024
      New York, New York

                                             LEWIS J. LIMAN
                                        United States District Judge